No. 52,406

Mary Lynn Thome, a minor; Linus Thome and Mary Ann Thome, *Appellants,* v. The City of Newton, Kansas, *Appellee.*

(624 P.2d 454)

Opinion filed February 28, 1981.

*Thomas A. Bush,* of Wichita, was on the brief for appellant.

*Arthur N. Turner,* of Newton, was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Plaintiffs appeal from an order of the Harvey County District Court dismissing an action filed against the City of Newton. Dismissal of the case by the district court was based upon K.S.A. 1978 Supp. 46-902(*b*) and the doctrine of governmental immunity as it existed prior to our decision in *Gorrell v. City of Parsons,* 223 Kan. 645, 576 P.2d 616 (1978).

The relevant facts are brief. This action for damages and medical expenses arose out of injuries sustained on the 18th day of June, 1977, by plaintiff, Mary Lynn Thome, a minor, while playing softball in the City Park of the City of Newton, Kansas. While chasing a fly ball, Mary Lynn ran into an iron pipe railing rupturing her spleen. Medical expenses were incurred by her parents, the plaintiffs Linus and Mary Ann Thome. Suit was filed against the City of Newton on the 16th day of October, 1978, alleging it was negligent in its design and maintenance of the softball playing field. The City filed a motion to dismiss on the 16th day of November, 1978, contending the ownership and operation of a public park and playgrounds thereon constituted a governmental function and that by reason of the doctrine of governmental immunity the City was immune from liability. On July 1, 1980, the district court sustained the City's motion and dismissed plaintiffs' case. Plaintiffs appeal from that order of dismissal.

The principal issue is whether the law established in *Gorrell v. City of Parsons,* 223 Kan. 645, which abolished governmental immunity of a municipality for the negligent acts of its officers or employees in the performance of a governmental function, applies to this case. *Gorrell* overruled prior case law on govern-

mental immunity of municipalities and was silent as to its applicability to any other set of facts and whether the decision would operate retrospectively or prospectively.

Following our decision in *Gorrell,* the legislature amended K.S.A. 46-902 to include:

"(*b*) Except as may be otherwise specifically provided by statute and except for causes of action based upon nuisance and, in the case of cities, actions based upon negligent failure to correct defects in streets, local units of government shall be immune from liability and suit for torts committed by officers or employees of such local unit of government when engaged in a governmental function. The provisions of this section shall not affect, change or diminish any procedural requirement necessary for recovery from any local unit of government, nor shall it grant any immunity to a local unit of government when engaged in a proprietary function."

The amendment, effective May 16, 1978, further provided that the provisions of the statute would expire July 1, 1979.

The relevant sequence of events occurred as follows:

Jan. 22, 1975, facts occurred in *Gorrell v. City of Parsons.*
June 18, 1977, Mary Lynn Thome was injured in Newton.
Dec. 16, 1977, Thomes filed a claim against Newton.
Dec. 21, 1977, Thomes' claim was denied by Newton.
April 1, 1978, *Gorrell* opinion filed by this court.
May 16, 1978, the amendments to K.S.A. 46-902 became effective.
Oct. 16, 1978, this case was filed in district court.

Appellants rely principally upon *Vaughn v. Murray,* 214 Kan. 456, 521 P.2d 262 (1974), while appellee relies upon *Carroll v. Kittle,* 203 Kan. 841, 457 P.2d 21 (1969). At the outset we point out:

"As a matter of constitutional law, it can safely be said, retroactive operation of an overruling decision is neither required nor prohibited." *Vaughn v. Murray,* 214 Kan. 456, Syl. ¶ 6.

See also *Gt. Northern Ry. v. Sunburst Co.,* 287 U.S. 358, 77 L.Ed. 360, 53 S.Ct. 145 (1932).

In *Henry v. Bauder,* 213 Kan. 751, 518 P.2d 362 (1974), the Kansas guest statute (K.S.A. 8-122b [Corrick, 1964]), was found to be unconstitutional but the court made no finding as to the effect of such determination on other cases. Our opinion in *Bauder* was filed January 26, 1974, and grew out of personal injuries suffered by the plaintiff on October 16, 1971. We held the guest statute unconstitutional and found plaintiff could pursue her cause of

action against the defendant who was the driver of an automobile in which plaintiff was a guest passenger.

In *Vaughn v. Murray,* a guest passenger brought an action against his driver of an automobile which was involved in a collision with a cow. The accident occurred October 8, 1971, and the case was pending on appeal at the time of our decision in *Bauder.* It therefore became necessary for the court to determine the retroactive effect, if any, of the *Bauder* decision. In a well-reasoned opinion, Justice Fromme extensively reviewed the law as it applies to the effective date of an overruling decision and the court adopted the rule that:

> "The law as declared in the overruling decision of *Henry v. Bauder,* supra, (holding Kansas guest statute unconstitutional) shall be given retroactive application to all similar cases pending in the courts of this state on January 26, 1974, and to cases filed thereafter regardless of when the causes of action accrued with the following exception: When a judgment or a verdict has been entered in a district court prior to January 26, 1974, and the same is free of reversible error under the law then existing, the law as declared in *Henry v. Bauder,* supra, shall not apply unless the constitutional question decided in the overruling decision has been timely presented to the trial court." p. 467.

Appellants ask that we adopt a similar holding in this case. Appellee, on the other hand, asks that we adopt the rule laid down in *Carroll v. Kittle.*

In *Carroll* the plaintiff sued Kittle, a physician, and the Board of Regents of the State of Kansas for negligence. His complaint arose from what he contended was negligence on the part of employees of the University of Kansas Medical Center while plaintiff was a patient there. After discussing the origins of governmental immunity, this court abolished governmental immunity for torts when the state or its governmental agencies were engaged in proprietary activities. After reaching this decision, the court went on to determine its applicability to other existing factual situations or those that might arise in the future. This court, in the opinion filed July 17, 1969, applied the new rule established by the decision to the case before it, but provided an effective date of August 30, 1969, as to all other cases. In reaching this decision, the court found:

> "[A]mple authority for the proposition that in departing from the rule of *stare decisis,* the court may restrict application of a newly established rule to the instant case, and cases arising in the future, where it is clear that the retrospective application of the new rule will result in a hardship to those who have relied upon prior decisions of the court. (Citations omitted.)" *Carroll v. Kittle,* 203 Kan. at 851.

Among the rules or options this court may consider with regard to the application of overruling decisions are four considered by this court in *Vaughn v. Murray.*

"(1) Purely prospective application where the law declared will not even apply to the parties to the overruling case; (See cases collected 10 A.L.R.3d, § 7, p. 1393.) (2) Limited retroactive effect where the law declared will govern the rights of the parties to the overruling case but in all other cases will be applied prospectively; (See *Carroll v. Kittle*, 203 Kan. 841, Syl. ¶ 10, 457 P.2d 21; and cases collected in 10 A.L.R.3d, § 8[b], p. 1399.) (3) General retroactive effect governing the rights of the parties to the overruling case and to all pending and future cases unless further litigation is barred by statutes of limitation or jurisdictional rules of appellate procedure; (See cases collected in 10 A.L.R.3d, § 8[e], pp. 1407-1412.) and (4) Retroactive effect governing the rights of the parties to the overruling case and to other cases pending when the overruling case was decided and all future cases, but limited so the new law will not govern the rights of parties to cases terminated by a judgment or verdict before the overruling decision was announced. (See *Hanes v. State*, 196 Kan. 404, 411 P.2d 643, and cases collected in 10 A.L.R.3d, § 8[c,d], pp. 1401-1407.)" 214 Kan. 465-66.

In this case, it is clear that the court is free to adopt any of the alternatives set forth in *Vaughn v. Murray,* any combination thereof, or any other rule to establish an effective date of an overruling decision which is fair, just and equitable and which will do justice to the greater number of people affected thereby. See Annot., 10 A.L.R.3d 1371.

"Under the classical view that the courts merely discovered and announced existing law, which they had no hand in creating, no issue of restricting the rule of an overruling case to prospective operation could be presented, since the act of overruling was a confession that the earlier rule had been erroneous and should never have been applied at all; but the modern decisions, taking a more pragmatic view of the judicial function, have recognized the power of a court to hold that an overruling decision is operative prospectively only and is not even operative upon the rights of the parties to the overruling case. As a matter of constitutional law, retroactive operation of an overruling decision is neither required nor prohibited. Accordingly, most courts now treat the question of how an overruling decision should operate as one of judicial policy rather than of judicial power, and recognize that varying results may be reached, depending on the particular circumstances presented and the particular rule affected." 10 A.L.R.3d, § 2, pp. 1377-78.

Among the factors courts have considered in determining which rule to apply are: (1) justifiable reliance on the earlier law; (2) the nature and purpose of the overruling decision; (3) res judicata; (4) vested rights, if any, which may have accrued by

reason of the earlier law; and (5) the effect retroactive application may have on the administration of justice in the courts. *Vaughn v. Murray,* 214 Kan. 464.

After considering the various rules and the factors involved, this court held that the law of the overruling decision of *Henry v. Bauder* was retroactive:

"[T]o all similar cases pending in the courts of this state on January 26, 1974, [the date that *Henry v. Bauder* was filed by this court] and to cases filed thereafter regardless of when the causes of action accrued with the following exception: When a judgment or a verdict has been entered in a district court prior to January 26, 1974, and the same is free of reversible error under the law then existing, the law as declared in *Henry v. Bauder,* supra, shall not apply unless the constitutional question decided in the overruling decision has been timely presented to the trial court." 214 Kan. at 467.

It has now been nearly three years since our opinion was filed in *Gorrell* and no great hardship upon the cities of Kansas or the administration of justice in the courts has been shown. While the factual situation in *Carroll v. Kittle* involved governmental immunity and is therefore more nearly in point with the case at bar, we find the rationale of the rule adopted in *Vaughn v. Murray* applicable to the case now before the court and the one which would be fair, just and equitable to the greater number of people. It would be difficult to justify a determination that Dr. and Mrs. Gorrell had a viable cause of action for the negligent cutting of their trees by the City of Parsons on January 22, 1975, and in the same breath say that Mary Lynn Thome did not have a viable cause of action on June 18, 1977, when her spleen was ruptured as a result of the alleged negligence of the City of Newton.

We hold that the law as declared in *Gorrell,* which abolished governmental immunity of municipalities for the negligent acts of its officers and employees while in the performance of a governmental function, applies to all similar cases filed before or after April 1, 1978, regardless of when the causes of action accrued except where a final judgment or verdict has been entered. The rule of law herein adopted shall not constitute a bar to any other appropriate defense such as the statute of limitations and, of course, is subject to any valid legislation adopted by the legislature to limit, modify or expand the municipal liability recognized by *Gorrell.*

In view of the foregoing determination it becomes necessary to consider the effect of the 1978 amendments to K.S.A. 46-902. It

appears obvious the purpose of the amendment was to re-establish governmental immunity for a limited period of time to give the legislature the opportunity to draft and pass legislation in the area of governmental tort liability (see K.S.A. 1979 Supp. 75-6101, *et seq.*) and to give cities an opportunity to purchase liability insurance.

The general rule as to the retroactive application of a statute is that:

"A statute does not operate retroactively, but operates prospectively, unless the intention of the legislature is clearly expressed by the statute that its provisions are to be applied retrospectively." *American State Bank v. White,* 217 Kan. 78, Syl. ¶ 5, 535 P.2d 424 (1975).

Appellee candidly admits in its brief:

"It was never the intent of Appellee to seriously argue that this amendment to K.S.A. 46-902 would apply retrospectively. . . .

"The Appellant has correctly quoted the general rule that a statute will apply prospectively unless retrospective intent is clearly stated. The wording of Senate Bill 972 shows no such intent and Appellee agrees that it must be given prospective effect."

We agree with appellee. Assuming the 1978 amendments to K.S.A. 46-902 were valid, a question not before the court at this time, they would only apply to causes of action arising after May 16, 1978, the effective date thereof.

The judgment is reversed and the case remanded for further proceedings in conformance with the foregoing opinion.

McFARLAND, J., dissenting: The majority opinion causes me grave concern for two reasons. First, I believe the result reached by the majority is not legally correct. Second, I am disturbed by the reasoning expressed in the opinion.

The majority opinion considers the holdings of *Carroll v. Kittle,* 203 Kan. 841, 457 P.2d 21 (1969), and *Vaughn v. Murray,* 214 Kan. 456, 521 P.2d 262 (1974), as merely two equal alternatives from which the court may choose. The majority characterizes *Carroll v. Kittle* as being more "nearly in point"—actually, it is precisely on point. *Carroll's* well-reasoned opinion is controlling herein. *Vaughn v. Murray* has absolutely nothing to do with the abolition of governmental immunity. The abolition of judicially imposed governmental immunity can have tremendous fiscal impact across the state and involves major policy considerations which need to be dealt with by the legislature. *Carroll*

acknowledged the legislature's control over the entire field of governmental immunity when it held:

"We recognize the authority of the legislature to control the entire field of governmental immunity including matters covered by judicial decisions." Syl. ¶ 4.

This court, in *Carroll,* determined the retroactivity question as follows at 851:

"There remains the consideration of the time when the abrogation of the immunity as herein stated shall take effect. We are of the opinion that reasonable time should be given the various public bodies to meet the new liabilities implicit in this decision. We find ample authority for the proposition that in departing from the rule of *stare decisis,* the court may restrict application of a newly established rule to the instant case, and cases arising in the future, where it is clear that the retrospective application of the new rule will result in a hardship to those who have relied upon prior decisions of the court. (See *Molitor v. Kaneland Com. Unit Dist.,* 18 Ill. 2d 11, 163 N.E.2d 89; *Holytz v. City of Milwaukee,* 17 Wis. (2d) 26, 115 N.W.2d 618, and cases cited therein.)

"Except for the instant case, the effective date of the abolition of the rule of governmental immunity as applied to proprietary enterprises shall be August 30, 1969. Except for the instant case the new rule shall not apply to torts occurring prior to August 30, 1969."

*Vaughn v. Murray* involved only the guest statute and affected only actions between drivers and their passengers. Considerations in determining retroactivity are so grossly different in the two cases that they are not comparable. As noted in *Vaughn* at 466, " 'Guest statute' cases are generally in the liability insurance field and are defended on behalf of insurance companies." I would affirm the trial court on the basis of *Carroll v. Kittle.*

Various aspects of the rationale in the majority opinion herein disturb me. The majority opinion reasons it could not justify favoring a damaged tree over a damaged child. This may have a certain emotional appeal, but it is hardly a proper basis for a legal determination as to whether abolition of judicially imposed governmental immunity pertaining to municipalities should be applied retroactively. The issue herein is strictly a question of law and it matters not whether the legal issue arises in a case involving a damaged hubcap, a damaged pet frog, a damaged tree, or a damaged person.

The majority also states, "It has now been nearly three years since our opinion was filed in *Gorrell* and no great hardship upon the cities of Kansas or the administration of justice in the courts has been shown." It would be difficult to visualize how the City

of Newton could have introduced any reliable evidence on how much courts or cities across the state were burdened. This does not mean no hardship has occurred or will occur. One of the reasons mentioned in *Carroll* for the legislature controlling the field is that the legislature is equipped to determine these questions.

Also, I note that the majority acknowledges the speedy imposition of statutory immunity following this court's abolition of judicially imposed immunity in order to give time for the enactment of legislation relative to governmental tort liability and "to give cities an opportunity to purchase liability insurance." Such liability insurance could only apply to injuries occurring during the policies' effectiveness. I know of no insurance available which would insure the cities retroactively. The legislature obviously believed, after input from the cities, that time was needed for the cities to prepare for their new exposure to liability. The majority of this court, with no input from anyone, has apparently determined no such time is needed.

The effect of the majority opinion is to leave the one year's immunity created by K.S.A. 1978 Supp. 46-902(*b*) an island of immunity floating in a sea of liability. The majority opinion appears to raise some question about the statute's validity by its determination that, "Assuming the 1978 amendments to K.S.A. 46-902 were valid, a question not before the court at this time, they would only apply to causes of action arising after May 16, 1978, the effective date thereof."

It remains to be seen whether the majority will conclude this statute is "fair." If it is held not to be valid then, contrary to *Carroll,* the judiciary rather than the legislature will control the field of governmental immunity. The law will then have undergone the complete 180 degree turn.

I am convinced the trial court should be affirmed herein.

SCHROEDER, C.J., joins in the above dissent.