No. 53,423

ROBERT C. DAUFFENBACH, *Appellant and Cross-Appellee,* v. CITY OF WICHITA, VICTOR CAWTHORN and ROBERT K. LEONARD, *Appellees and Cross-Appellants.*

(667 P.2d 380)

Opinion filed July 26, 1983.

*Gerald L. Michaud,* of Michaud, Cordry & Michaud, Chartered, of Wichita, argued the cause, and *Patrick J. Michaud,* of the same firm, was with him on the brief for the appellant and cross-appellee.

*S. A. Issinghoff* and *H. E. Jones,* assistant city attorneys, argued the cause, and *John Dekker,* city attorney, was with them on the brief for the appellees and cross-appellants.

The opinion of the court was delivered by

LOCKETT, J.: This is an action for damages for personal injuries suffered by the plaintiff, Robert C. Dauffenbach, in an altercation with two officers of the Wichita Police Department. The

defendants are the two police officers, Victor Cawthorn and Robert K. Leonard, and the City of Wichita. Dauffenbach was rendered a quadriplegic as a result of the injuries he sustained.

This case was tried to the court and judgment entered for the defendants. Dauffenbach appealed, contending that the force used by the two officers in arresting him was excessive as a matter of law; that the force used by the two officers was likely to cause great bodily harm as contemplated by K.S.A. 21-3215; and that the trial judge used the wrong standard of proof in determining the defendants had no liability.

The defendants cross-appeal, contending the trial court erred in not striking Dauffenbach's amended petition because it claimed damages for ordinary negligence; that it also stated a cause of action on a theory (negligence) different from that (assault and battery) in the original petition; and it did not relate back to the date the original petition was filed as provided for in K.S.A. 60-215(c), because the statute of limitations for assault and battery is one year and it had run on the cause of action stated in the original petition.

A special panel of the Court of Appeals consisting of Abbott, P.J.; Steven P. Flood, district judge, assigned; and John W. Brookens, district judge retired, assigned, reversed the trial court in a 2-1 decision. 8 Kan. App. 2d 303, 657 P.2d 582 (1983). Appellees' Petition for Review was accepted by this court. Judge Abbott wrote the majority opinion for the panel and for the most part it has been incorporated into this opinion.

How the injury occurred was disputed. The trial judge chose to believe the police officers' version, which was his prerogative. Thus we set forth the version accepted by the trial judge as to what occurred.

At approximately 3:30 a.m. on June 7, 1976, the two police officers were dispatched to an apartment building at 515 North St. Francis, Wichita, Kansas, where they apprehended two persons who were attempting to pry open the trunk of an automobile parked in the apartment building's parking lot. Dauffenbach owned the apartment building and occupied one of the apartments. The two police officers arrived at the scene in separate cars. One of the police vehicles partially blocked the driveway to the parking lot. The two officers and the two persons apprehended were in the vicinity of the police vehicle that was

partially blocking the driveway. The police vehicle was on public property and one of its front doors was open. Dauffenbach arrived home at that moment and attempted to drive over the curb and past the police vehicle. In doing so, he struck the open door, causing very minor damage to the door; but the coat sleeve of one of the apprehended persons caught between the open door and Dauffenbach's car, and the impact ripped the coat sleeve and left an abrasion on the person's arm. Dauffenbach demanded in foul and abusive language that the officers get off his parking lot. He then drove his car to the rear of the parking lot, exited the vehicle and walked toward an approaching officer. The two met at approximately the center of the parking lot near a light pole.

Dauffenbach was never advised at any time prior to his being injured that he was under arrest. He was advised that he had been involved in an accident with a police vehicle which also involved a pedestrian who was a prisoner, and that the officer wanted to see his driver's license. Dauffenbach removed a credit card from his billfold and threw it at the officer. The officer picked it up from the ground, returned it to Dauffenbach and again requested his driver's license. Dauffenbach took his wallet from his pocket, opened it, and attempted to hand it to the officer. Dauffenbach was advised the officer could not handle his wallet and he was requested to remove his driver's license from the wallet. Dauffenbach, making vile statements to the officer, turned and walked away. By this time, the second officer had arrived at the point of altercation with Dauffenbach. Each officer took him by an arm and backed him against the light pole in the center of the parking lot. Dauffenbach was then advised of the accident with the police vehicle, that he might be drunk and that he must produce his driver's license. Dauffenbach acted as if he were reaching for his wallet, but when the officers released him he took a swing at Officer Cawthorn and missed. Dauffenbach was 58 years old, six feet one inch in height and weighed 180 pounds. In the officers' opinion, Dauffenbach was intoxicated. Officer Cawthorn grabbed Dauffenbach's arm and struck him in the midsection at the belt line; Officer Leonard grabbed the other arm. Dauffenbach was backed up against the light pole and was again requested to produce his driver's license. Dauffenbach appeared to be cooperating and the officers again released

their hold on him. Instead of producing his driver's license, Dauffenbach shoved Officer Cawthorn and drew back his arm as if to swing at the officer. Officer Leonard grabbed Dauffenbach's left arm, flipping Dauffenbach over his shoulder. Dauffenbach landed on his forehead on a rock-surfaced parking lot, from which he suffered the major injury of hyperextension of the neck superimposed on a preexisting hypertrophic spinal condition resulting in his paralysis. At the time of the confrontation between Dauffenbach and the two officers, Officer Leonard had on his person a gun and holster, an ebonite baton and a can of Mace. Officer Cawthorn had on his person a handgun and a baton.

Based on the above facts, the trial judge made the following conclusions of law:

"1. The defendant police officers were authorized to detain the plaintiff, to request his driver's license, and after being assaulted by him, were authorized to subdue and arrest him.

"2. The force used by the defendants in subduing the plaintiff was not 'deadly force' as contemplated by K.S.A. 21-3215, was not excessive, was not negligently applied, but was reasonable under the circumstances existing at the time.

"3. The injuries sustained by the plaintiff were not purposefully and intentionally applied and were neither contemplated nor intended.

"4. The defendant Officers Cawthorn and Leonard acted in good faith and without malice in the premises.

"5. The defendants were not negligent in the premises and, therefore, all the defendants herein are entitled to judgment on the issue of liability.

"6. A peace officer is presumed to have acted properly until said presumption is overcome by clear and convincing evidence.

"7. In addition, a peace officer is the judge of the force to be employed under the circumstances and he will not be deemed to have exercised excessive force unless it appears that he abused his power and authority.

"8. Plaintiff has failed to carry the burden of proof that the force used was excessive or abusive.

"9. Having determined that the force used by the defendants was justified, not excessive, not abusive, not negligent, and reasonable under the circumstances, and that the defendants should have judgment herein, it is unnecessary for this court to determine whether or not the comparative fault statutes of the State of Kansas apply to the facts in this case; however, the Court finds, as a matter of law, that the plaintiff's own negligence was to such a degree that had the defendant police officers been negligent, the plaintiff would nonetheless be barred from recovery herein.

"10. The Court generally then finds for the defendants and against the plaintiff on all of the issues herein."

Before turning to the issues presented by Dauffenbach's appeal, we will dispose of the defendants' cross-appeal. Dauffen-

bach filed his action on April 13, 1978, requesting actual and punitive damages. A motion to amend the petition to add a third count alleging a civil rights violation based on 42 U.S.C. § 1983 was filed and granted. An amended petition was filed on November 10, 1980. It alleged three counts, one for negligence, one for civil rights violations under 42 U.S.C. § 1983 and one for negligence against the City of Wichita based on its failure to train and supervise its police officers. The City of Wichita filed a motion to strike, alleging the amended petition was changed from that which the trial court had previously authorized and further that Dauffenbach was attempting to change the theory of his suit to the defendants' prejudice. The trial judge cited *Brooks v. Dietz,* 218 Kan. 698, 545 P.2d 1104 (1976), as authority and concluded that if the amended petition did set forth new or different claims, they arose out of the conduct, transaction or occurrence set forth in the original petition. He overruled defendants' motion to strike, and allowed Dauffenbach's first amended petition to be filed.

Whether to allow an amended petition to be filed lies within the sound discretion of the trial judge. The issue was presented and the trial court had discretionary authority to allow an amended petition, irrespective of whether the pleading filed had or had not been previously authorized. *Key v. Clegg,* 4 Kan. App. 2d 267, Syl. ¶ 2, 604 P.2d 1212, *rev. denied* 227 Kan. 927 (1980). As we view Dauffenbach's original petition, it states a cause of action for negligence under K.S.A. 60-208(*a*). He contends the defendants did "negligently assault, beat and injure" him and that any "negligence" on the part of the officers "is likewise the negligence" of the city. The trial court did not err in allowing the amended petition to be filed. *Stricklin v. Parsons Stockyard Co.,* 192 Kan. 360, 365-66, 388 P.2d 824 (1964).

In considering Dauffenbach's arguments, we note this cause of action accrued prior to the effective date of the Kansas Tort Claims Act, K.S.A. 1981 Supp. 75-6101 *et seq.,* and is subject to the rules enumerated in *Thome v. City of Newton,* 229 Kan. 375, 624 P.2d 454 (1981), and *Gorrell v. City of Parsons,* 223 Kan. 645, 576 P.2d 616 (1978). The *Gorrell* case abolished municipal immunity for the negligent acts of its officers or employees in the performance of governmental function. In *Gorrell,* Justice Miller pointed out that the Supreme Court's change in position "does

not establish liability for acts or omissions which are otherwise privileged or are not tortious. Instead, it places municipalities, for the most part, on an equal footing with individuals and corporate entities so far as responsibility for injuries or damages caused by negligence is concerned." 223 Kan. at 650. In *Thome,* the Supreme Court stated that the abolishment of governmental immunity for simple negligence would not constitute a bar to any other appropriate defense. 229 Kan. at 380.

Police officers have immunity from liability on claims arising from performance or nonperformance of an officer's general duties to prevent crime and enforce the laws. Liability arises only where an officer breaches a specific or special duty owed an individual. Such a special duty arises in two circumstances: (1) where there is an affirmative act by the officer causing injury; and (2) when a specific promise or representation by the officer is made under circumstances creating justifiable reliance. *McGeorge v. City of Phoenix,* 117 Ariz. 272, 572 P.2d 100 (Ct. App. 1977); *Doe v. Hendricks,* 92 N.M. 499, 590 P.2d 647 (Ct. App. 1979). Examples of situations within the first category are placing an individual under arrest or committing an assault. A line of Kansas cases which recognize that an officer is liable for false arrest or the unnecessary use of force lends support to the existence of a special duty arising from such affirmative acts. *Bradford v. Mahan,* 219 Kan. 450, 548 P.2d 1223 (1976); *Gardner v. McDowell,* 202 Kan. 705, 451 P.2d 501 (1969); *Bukaty v. Berglund,* 179 Kan. 259, 294 P.2d 228 (1956).

The question in this case is not immunity, but whether a tort was committed. That an injury occurs as a result of an action taken by a municipal employee is not per se a tort. The applicable law must be applied to the facts in each case to determine tort liability. Here we have two questions concerning whether the trial judge applied the correct law to the facts.

The trial judge presumed that a law enforcement officer acts properly in the amount and type of force used unless the presumption is overcome by clear and convincing evidence. The trial court was correct when it determined that a police officer is presumed to have acted properly until that presumption is overcome. There is a general presumption that a public official will act fairly, reasonably and impartially in the performance of the duties of his office. *Gladen v. State,* 196 Kan. 586, 590, 413 P.2d

124 (1966). The relevant Kansas statutory law concerning presumptions is as follows:

> "A presumption is an assumption of fact resulting from a rule of law which requires such fact to be assumed from another fact or group of facts found or otherwise established in the action." K.S.A. 60-413.
>
> "Subject to K.S.A. 60-416, and except for presumptions which are conclusive or irrefutable under the rules of law from which they arise, (a) if the facts from which the presumption is derived have any probative value as evidence of the existence of the presumed fact, the presumption continues to exist and the burden of establishing the nonexistence of the presumed fact is upon the party against whom the presumption operates; (b) if the facts from which the presumption arises have no probative value as evidence of the presumed fact, the presumption does not exist when evidence is introduced which would support a finding of the nonexistence of the presumed fact, and the fact which would otherwise be presumed shall be determined from the evidence exactly as if no presumption was or had ever been involved." K.S.A. 60-414.

The defendants here argue the trial judge found them free of negligence, and the conclusions of law that the presumption must be overcome by clear and convincing evidence is mere surplusage. We cannot agree, and conclude that if that standard is incorrect then a new trial must be ordered.

Defendants contend that mere negligence, without malice or wanton or gross misconduct, does not render a law enforcement officer liable for damages for acts committed within the scope of his or her employment, and cite *Hendrix v. City of Topeka,* 231 Kan. 113, 643 P.2d 129 (1982); *Commercial Union Ins. Co. v. City of Wichita,* 217 Kan. 44, 536 P.2d 54 (1975); *Kern v. Miller,* 216 Kan. 724, 533 P.2d 1244 (1975); *Murphy v. City of Topeka,* 6 Kan. App. 2d 488, 630 P.2d 186 (1981). We deem those cases to be not applicable to the facts in this case. Those cases deal with administrative acts as opposed to acts of negligence resulting in personal injuries, or with exceptions to governmental immunity.

The general rule is that a law enforcement officer who is making an arrest for a misdemeanor committed in his or her presence has the right to use reasonable force to effect the arrest. The officer has discretion to determine the degree of force required under the circumstances as they appear to the officer at the time. The reasonableness of the force used is a question for the trier of facts. The test to determine the actual amount of force necessary is not one of hindsight. The degree of force used may be reasonable even though it is more than is actually required. The officer may not, however, use an unreasonable amount of

force or wantonly or maliciously injure a suspect. For a general discussion on the subject, see Annot., Arrest of Misdemeanant—Intentional Force, 83 A.L.R.3d 238. See also *Lewis v. Marmon,* 8 Kan. App. 2d 277, 655 P.2d 953 (1982).

Defendants rely on foreign cases to support the trial court's conclusion of law that a peace officer is presumed to have acted properly until that presumption is overcome by clear and convincing evidence. See, *e.g., Wirsing v. Krzeminski,* 61 Wis.2d 513, 213 N.W.2d 37 (1973). Those cases, in our opinion, represent the minority view. 83 A.L.R.3d at 248-49. The comment *a* to Restatement (Second) of Torts § 132 (1965) states in essence that an officer is not liable unless the force used is "clearly excessive."

The key question is whether to continue following the preponderance of evidence standard applied to negligence and tort actions or adopt, as the trial court did, a clear and convincing standard in determining whether the police officers breached a duty. By presuming the officers acted fairly, reasonably and impartially in the performance of their duty, we have placed the burden on the plaintiff to establish the use of excessive force by an arresting officer. In addition, the excessiveness of the force employed is an element of the claim that must be proven by the plaintiff, rather than a defense of the officer to show the force used was not excessive. The proper burden of proof in this case is still by a preponderance of the evidence. For prior cases failing to adopt the clear and convincing standard see: *Bradford v. Mahan,* 219 Kan. 450; *Gardner v. McDowell,* 202 Kan. 705; *Bukaty v. Berglund,* 179 Kan. 259.

The nature and importance of the functions of a law enforcement officer in investigating criminal activity and in making arrests are important to the general public. Conversely, the public should be protected from overreaction by law enforcement officers. It is not the duty of a law enforcement officer to punish a suspect by using unreasonable force or to wantonly or maliciously injure the suspect. A public citizen should be compensated when unreasonable force by a law enforcement officer causes an injury whether the injured party is a pillar of the community, an incoherent drunk or mentally ill. We see no reason to make a distinction between a traffic accident which involves a vehicle driven by a law enforcement officer (or the

felling of a tree) and the unreasonable use of force in making an arrest.

We believe the general rule best serves society's interests and is most consistent with legislative intent as expressed in K.S.A. 21-3215(1):

"A law enforcement officer, or any person whom he has summoned or directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he reasonably believes to be necessary to effect the arrest and of any force which he reasonably believes to be necessary to defend himself or another from bodily harm while making the arrest. However, he is justified in using force likely to cause death or great bodily harm only when he reasonably believes that such force is necessary to prevent death or great bodily harm to himself or another person, or when he reasonably believes that such force is necessary to prevent the arrest from being defeated by resistance or escape and the person to be arrested has committed or attempted to commit a felony or is attempting to escape by use of a deadly weapon, or otherwise indicates that he will endanger human life or inflict great bodily harm unless arrested without delay."

The conclusion of law that Dauffenbach failed to carry the burden of proof that the force used was excessive or abusive was based on the trial judge's conclusion that a peace officer is presumed to have acted properly until that presumption is over-come by clear and convincing evidence. The latter conclusion permeates all the trial judge's other conclusions of law concerning liability, and a new trial with the burden of proof to be a preponderance of the evidence is required.

Dauffenbach argues that under the facts of this case K.S.A. 21-3215 does not permit a law enforcement officer who is making an arrest for a misdemeanor to use such force as is likely to cause death or great bodily harm, but that the force used here was likely to and did cause great bodily harm as a matter of law. As we view K.S.A. 21-3215(1), it follows the majority rule concerning arrests of misdemeanants. It allows a law enforcement officer to use any force he or she believes necessary to effect an arrest, but prohibits the use of force which is likely to cause death or great bodily harm except to prevent death or great bodily harm to the officer or another person (the effect is a liberalized self-defense rule), or unless the suspect is attempting to escape by the use of a deadly weapon or otherwise indicates he or she will endanger human life or inflict great bodily harm unless arrested without delay. The purpose of the statute is to set limits for law

enforcement officers, and if the limits are observed an officer has a defense in a criminal action. We see no reason why the civil liability of a law enforcement officer should not be coextensive with his or her criminal liability.

Dauffenbach argues that the officer, using a jujitsu hold, grabbed Dauffenbach's arm and threw him over the officer's shoulder. The officer did not release Dauffenbach's arm until Dauffenbach struck the ground. The parking lot was covered with rock. The police officers' testimony indicated they thought Dauffenbach was drunk and incapable of harming them.

Generally it is a question of fact whether the force used is likely to cause death or great bodily harm, and we cannot say as a matter of law that the force used here was likely to cause great bodily harm and thus was negligence per se.

The Court of Appeals' decision reversing and remanding the case for a new trial is affirmed.

SCHROEDER, C.J., dissenting: It is respectfully submitted the judgment of the trial court should be affirmed. My views are expressed in the dissenting opinion written by Brookens, District Judge retired, assigned, sitting with the Court of Appeals in *Dauffenbach v. City of Wichita,* 8 Kan. App. 2d 303, 310, 657 P.2d 582 (1983).

MILLER and McFARLAND, JJ., join in the foregoing dissenting opinion.

McFARLAND, J., dissenting: I join the dissent of Schroeder, C.J. Additionally, I see no legitimate reason for the majority to require a new trial. *This was a bench trial.* No error of any kind in the trial itself has been found by the majority. Rather, the majority finds the trial court utilized the wrong standard of proof in reaching its ultimate decision as the finder of fact. If there were an error (which I do not believe there was), it occurred on "square ten." There is no reason to send the case back to "square one" and the same constitutes a waste of the litigants' time and money and judicial manpower.

There is a full transcript of this bench trial available to the trial court in refreshing its recollection of the evidence. If the trial court does not believe this is adequate, it can order a new trial. I

see no reason to require the trial judge to sit through another trial of a case which he formerly heard, which is without error, and then apply the different standard of proof. The majority should remand with directions to apply the specified standard of proof to the evidence.