**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 20 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SELDA F. GRAUERHOLZ,

    Plaintiff - Appellant,

v.

MICHAEL ADCOCK; RODNEY
ROBSON; DARIN DAILY; JERRY
GILBERT,

    Defendants - Appellees.

No. 02-3083
D.C. No. 00-CV-1520-JTM
(D. Kansas)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Selda F. Grauerholz sued defendants Michael Adcock, Rodney Robson, Darin Daily, and Jerry Gilbert pursuant to 42 U.S.C. § 1983, contending that, in the course of arresting her for battery on a law officer, disorderly conduct, and resisting arrest, defendants violated her Fourth Amendment right to be free from excessive force. She also alleged a state law claim of negligent use of force.[1] We affirm the district court's entry of summary judgment in favor of defendants.

I.

Seventy-nine year old Ms. Grauerholz owned an apartment house located next door to her home in Coffeyville, Kansas.[2] On April 9, 1999, she noticed that a tenant appeared to be moving from a second-floor apartment. Ms. Grauerholz, using her cane for assistance, walked to the apartment house. She demanded that the tenant pay the seventeen days of overdue rent before moving out. When payment was not forthcoming, Ms. Grauerholz positioned herself in the middle of the narrow staircase, with her cane next to her. Ms. Grauherholz's position made

---

[1] In the district court, Ms. Grauerholz also brought a state-law battery claim which was dismissed as barred by the applicable statute of limitations. On appeal, she does not contest this ruling.

[2] We set forth the facts in the light most favorable to Ms. Grauerholz. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (instructing courts considering a qualified immunity issue to view the facts in a light most favorable to the party asserting the injury).

it difficult for anyone to get past her, particularly someone carrying household goods. The tenant called the police for assistance.

Three Coffeyville police officers (defendants Adcock, Robson, and Daily) eventually arrived at the scene. An officer explained to her that the tenant had the right of ingress and egress from her apartment, but Ms. Grauerholz repeatedly refused to move from her post until she received a cash rent payment. There is a factual dispute about Ms. Grauerholz's use of her cane during her interaction with the officers.

Eventually, the officers placed Ms. Grauerholz under arrest for battery on a law enforcement officer, disorderly conduct, and resisting arrest. The officers then carried her down the stairs and, when they reached the porch, at least one of the officers needed to catch his breath. Ms. Grauerholz claims that, at this point, the officers dropped her from a distance of ten to twelve inches, but that she was not physically injured. Defendant Gilbert, an officer employed by the Montgomery County Community Corrections Department arrived on the scene. At the request of the Coffeyville police officers, he moved a patrol car closer to the apartment house.

On the porch, Ms. Grauerholz refused to walk to the patrol car. The officers again picked her up and carried her. Ms. Grauerholz asserts that, during this part of the trip, she screamed that she had bursitis and that the officers were hurting

her. Additionally, the officers embarrassed her by placing her in the car with her skirt bunched up above her waist. Upon arrival at the police department, Ms. Grauerholz walked from the car with assistance. Ms. Grauerholz remained at the police department for twenty to thirty minutes.

In the Coffeyville Municipal Court, Ms. Grauerholz was convicted of battery on a law enforcement officer and disorderly conduct, but found not guilty of resisting arrest. All charges were later dismissed on appeal to Montgomery County District Court. Ms. Grauerholz then filed this action.

## II.

On Ms. Grauerholz's § 1983 claim, the district court granted defendants' motion for summary judgment based on qualified immunity. We review the district court's resolution of the qualified immunity issue de novo. *Farmer v. Perrill*, 288 F.3d 1254, 1259 (10th Cir. 2002).

> When a § 1983 defendant raises the defense of qualified immunity on summary judgment, the plaintiff must show the law was clearly established when the alleged violation occurred and must come forward with sufficient facts to show the official violated that clearly established law. The defendant bears the normal summary judgment burden of showing no material facts that would defeat the qualified immunity defense remain in dispute.

*Id.* (quotation omitted).

"Claims of excessive force are analyzed under the objective reasonableness standard of the Fourth Amendment." *Medina v. Cram*, 252 F.3d 1124, 1131

(10th Cir. 2001) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The reasonableness of the officer's actions must be evaluated from the officer's vantage point at the scene of the alleged violation. *Saucier*, 533 U.S. at 205; *Graham*, 490 U.S. at 396-97. The right to make an arrest necessarily carries with it the right to use some degree of physical force to effect it. *Id.* at 396.

Assessment of the degree of force actually used is critical to the question of whether the force was excessive. *See Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). A plaintiff must demonstrate that the amount of force used was "sufficiently egregious to be of constitutional dimensions." *See Martin v. Bd. of County Comm'rs*, 909 F.2d 402, 407 (10th Cir. 1990) (citing *Wise v. Bravo*, 666 F.2d 1328, 1335 (10th Cir. 1981)). Furthermore, the extent of the injury inflicted by the use of force is relevant to an evaluation of an excessive force claim. *Id*.

Here, the amount of force used by the officers in effecting the arrest was minimal and reasonable under the circumstances. Ms. Grauerholz's alleged injuries were temporary shoulder pain and bruises on her forearm and left thumb. She testified during her deposition that these injuries were inflicted when the officers picked her up and carried her. She admitted that, "since [she] wouldn't walk," the officers chose "the only way . . . to move" her. Aplt. App. at 90.

This case "presents the classic situation in which a plaintiff's own actions in reaction to a legitimate law enforcement encounter . . . justif[y] the subsequent

-5-

actions of the law enforcement officers involved." *Latta v. Keryte*, 118 F.3d 693, 698 (10th Cir. 1997). Because the facts, as developed in the summary judgment filings, are insufficient to present a constitutional violation, the officers are entitled to qualified immunity. *See Saucier*, 533 U.S. at 201. The district court did not err in entering summary judgment on the § 1983 claim.

III.

Ms. Grauerholz also asserted that defendants were liable to her under state law for negligent use of force. The district court ruled that Kansas law does not recognize such a claim and, in any event, defendants are entitled to qualified immunity under Kan. Stat. Ann. § 75-6104(i). The court therefore granted defendants' summary judgment motion. We affirm the district court's ruling, although on slightly different grounds. *See Carl v. City of Overland Park,* 65 F.3d 866, 869 (10th Cir. 1995) (stating that this court may affirm on any ground supported by the record). We address the state claim "with the recognition that our job . . . is solely to ascertain the result that would be reached in a Kansas state court." *Id.*

Under Kansas law, a police officer "need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest." Kan. Stat. Ann. § 21-3215(1). The officer may use "any force which [he] reasonably believes to be necessary to effect the arrest." *Id.* Kansas courts

-6-

presume that police officers "act[] fairly, reasonably and impartially in the performance of their duty." *Dauffenbach v. City of Wichita*, 667 P.2d 380, 386 (1983). The burden is on the plaintiff to "establish the use of excessive force by an arresting officer" as an element of her claim. *Id.*

As discussed in our resolution of Ms. Grauerholz's § 1983 claim, the undisputed facts in this case show that defendants' use of minimal force was reasonable and necessary to carry out the arrest. Accordingly, the district court's grant of summary judgment was proper. [3]

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[3] Because we have concluded that there are no material facts in dispute on the negligent use of excessive force claim, we do not reach questions of Kansas law concerning the status of such a claim or the scope of qualified immunity under Kan. Stat. Ann. § 75-6104(i) (immunizing a governmental employee from liability for damages resulting from "any claim which is limited or barred by any other law").