**Bruce D. JOHNSON, Appellant,**

v.

**Steven R. PETERSON and Haven J. Lucas, Respondents.**

**No. C3–84–1037.**

Court of Appeals of Minnesota.

Dec. 4, 1984.

Walter E. Sawicki, Jr., Maplewood, for appellant.

Thomas Johnson, Hennepin County Atty., Paul F. Gilles, Asst. County Atty., Minneapolis, for respondents.

Heard, considered, and decided by POPOVICH, C.J., and SEDGWICK and LESLIE, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from the trial court's order denying appellant's motion for a new trial. We affirm.

## FACTS

After observing occupants of a car drinking while driving, Deputy Peterson of the Hennepin County Sheriff's Office stopped the car and asked the occupants to get out and produce identification. Appellant, a passenger, was uncooperative. In the process of attempting to physically remove him from the car Officer Peterson struck

appellant causing injury. Officer Peterson contends this was unintentional.

Over appellant's objection, the court instructed the jury that a battery is "any intentional use of force upon another;" that an officer has "a statutory right to use reasonable force to effect a lawful arrest;" and that "plaintiff has the burden of proving the battery."

Jury returned a special verdict finding the officers not liable for battery. The trial court denied appellant's motion for a new trial based on erroneous jury instructions.

### ISSUE

Did the trial court err in instructing the jury?

### ANALYSIS

Appellant contends the court should have used the general battery definition which defines battery as an intentional and unpermitted contact by defendant on the person of the plaintiff. It does not mention force.

The narrower issue here is whether an officer's reasonable force is a privileged defense or a statutory exception to battery. If it is a privileged defense, the burden of proof is on defendants to prove the force used was not unreasonable. If it is a statutory exception, the burden of proof is on plaintiff to prove that the force used was unreasonable.

*Paradise v. City of Minneapolis,* 297 N.W.2d 152 (Minn.1980) is directly on point. It held that only the use of *excessive* force by a police officer will constitute a battery. Thus, the unreasonableness of the force used is an element of the action and the burden of proving such unreasonableness is on plaintiff.

### DECISION

The trial court correctly instructed the jury that excessive or unreasonable force is an element of battery where the accused is a police officer effecting a lawful arrest. The burden of proof is on the plaintiff to prove every element of the action. We affirm.