Opinion
 

 BEDSWORTH, J.
 

 This is an appeal from a defense verdict in a wrongful death action. The lawsuit arose from an incident in which Robert Edson was shot and killed when Anaheim Police Officer Smith, trying to arrest him, thought he was reaching for a gun.
 

 Edson’s widow and children (the Edsons) sued Smith and the City of Anaheim (City).
 
 [1]
 
 A jury found that Smith acted reasonably under the circumstances, and judgment was entered for defendants. The Edsons claim that a part of BAJI No. 2.60 on the burden of proof was given erroneously because the police had the burden of proving that the force used in making
 
 *1271
 
 the arrest was reasonable. They further claim the judge erred in several evidentiary rulings and in allowing Smith a surrebuttal closing argument. We find, surprisingly, no California law concerning the burden of proof on the reasonableness of the officer’s use of force, but conclude it was properly placed on the plaintiffs.
 

 The Edsons checked into the Galaxy Motel in Anaheim on the night of February 2, 1989. Robert Edson left to buy shampoo for his wife, Debra. Sometime later, he was seen driving without taillights by an Anaheim police officer, and when he failed to stop as directed, the officer gave chase.
 

 Officer Lee Smith was on patrol and heard over his radio that two officers were in high-speed pursuit of Edson’s vehicle. He listened as Edson got on the freeway going the wrong way and exited via an on-ramp. Positioning himself to assist in the pursuit, Smith saw Edson drive through an intersection without lights at over 70 miles an hour. Other units were far behind, so Smith joined the chase in the lead position. Pursued by Smith, Edson ran a stop sign, pulling away at high speed and going almost airborne over dips in the street approaching the Anaheim Convention Center and Disneyland. Eventually his car spun out of control in a turn and ended up facing Smith. He accelerated toward Smith, who thought he was going to be rammed and swerved out of Edson’s path. Edson veered back onto the street and turned into the Galaxy Motel parking lot.
 

 Then he ran from his car, and Smith followed, weapon drawn. Edson ran into a stairwell, out of Smith’s sight, then emerged at the top of the stairs on a balcony. With his gun pointed at Edson, Smith repeatedly yelled for him to stop and put up his hands, but Edson ignored the commands and ran along the balcony in front of several motel rooms.
 

 He then stopped in front of one of the rooms, spun around toward Smith and reached under his jacket toward his waistband, as if going for a gun. Thinking that was what Edson was doing, Smith fired and killed him. Smith testified that if Edson had obeyed any of his commands, he would have arrested him without shooting.
 

 I
 

 The Edsons sued Smith and the City for wrongful death, alleging battery, negligence in shooting Edson, negligence in hiring, training and supervising Smith, and negligent infliction of emotional distress. At the close of the evidence, they dismissed their negligence claims and submitted the case to the jury on the battery claim. The trial judge gave the following instruction
 
 *1272
 
 (a version of BAJI No. 2.60): “The plaintiff has the burden of proving by a preponderance of the evidence all of the facts necessary to establish that Defendants acted unreasonably in using deadly force against Robert Edson. [¶] The defendant has the burden of proving by a preponderance of the evidence all of the facts necessary to establish that Officer Lee Smith reasonably believed that Robert Edson posed an immediate threat of great bodily injury or death.” The jury returned a one-question special verdict finding that “[b]ased on the circumstances presented to him at the time . . . Officer Lee Smith acted reasonably in firing his weapon at Robert Edson.”
 

 II
 

 We consider first the Edsons’ claim the trial judge incorrectly instructed the jury that they had the burden of proving Smith acted unreasonably in using deadly force. They argue they proved a prima facie battery, so justification was an affirmative defense for Smith to prove. This, they say, is the rule in battery actions against private citizens. Justification is best known by the defendant, and it would place an insurmountable burden on plaintiff to prove the nonexistence of justification, a negative proposition. Smith counters that the instruction was correct because a police officer is entitled to use reasonable force in making an arrest, so plaintiff must prove unreasonable force to make even a prima facie showing of battery.
 

 The issue is one of first impression in California: In a battery action against a police officer, must plaintiff prove unreasonable force as part of the cause of action or must the officer prove reasonable force as an affirmative defense? Other jurisdictions are fairly evenly split. A slim majority hold unreasonable force is an element of the tort to be proven by plaintiff.
 
 (Dauffenbach
 
 v.
 
 City of Wichita
 
 (1983) 233 Kan. 1028 [667 P.2d 380, 385-386];
 
 Wirsing
 
 v.
 
 Krzeminski
 
 (1974) 61 Wis.2d 513 [213 N.W.2d 37, 41];
 
 Wally. Zeeb
 
 (N.D. 1967) 153 N.W.2d 779, 785-786;
 
 Grieger v. Vega
 
 (1954) 153 Tex. 498 [271 S.W.2d 85, 89-90];
 
 Neal
 
 v.
 
 Helbling
 
 (Mo.Ct.App. 1987) 726 S.W.2d 483, 486-487 [82 A.L.R.4th 587];
 
 Johnson
 
 v.
 
 Peterson
 
 (Minn.Ct.App. 1984) 358 N.W.2d 484, 485.) The minority hold that a police officer, like any defendant seeking to justify a battery, has the burden of proving justification.
 
 (City of Lexington
 
 v.
 
 Gray
 
 (Ky. 1973) 499 S.W.2d 72, 74;
 
 Reese
 
 v.
 
 City of Seattle
 
 (1972) 81 Wn.2d 374 [503 P.2d 64, 74, 83 A.L.R.3d 157];
 
 Skinner
 
 v.
 
 Brooks
 
 (1944) 74 Ohio App. 288 [58 N.E.2d 697, 698];
 
 Ambrose
 
 v.
 
 Wheatley
 
 (D.Del. 1971) 321 F.Supp. 1220, 1224 [applying Delaware law];
 
 see Pike
 
 v.
 
 Eubank
 
 (1956) 197 Va. 692 [90 S.E.2d 821, 827].) We believe the majority rule is better: Plaintiff must prove unreasonable force as an element of the tort.
 

 A police officer in California may use reasonable force to make an arrest, prevent escape or overcome resistance, and need not desist in the face of
 
 *1273
 
 resistance. (Pen. Code, § 835a.)
 
 [2]
 
 The standard jury instruction in police battery actions recognizes this: “A peace officer who uses unreasonable or excessive force in mating a lawful arrest or detention commits a battery upon the person being arrested or detained as to such excessive force.” (BAJI No. 7.54.)
 
 [3]
 
 By definition then, a prima facie battery is not established unless and until plaintiff proves unreasonable force was used.
 

 This rule takes into account the special situation of the police defendant. Unlike private citizens, police officers act under color of law to protect the public interest. They are charged with acting affirmatively and using force as part of their duties, because “the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.”
 
 (Graham
 
 v.
 
 Connor
 
 (1989) 490 U.S. 386, 396 [109 S.Ct. 1865, 1871-1872, 104 L.Ed.2d 443].) They are, in short, not similarly situated to the ordinary battery defendant and need not be treated the same. In these cases, then, “. . . the defendant police officer is in the exercise of the privilege of protecting the public peace and order [and] he is entitled to the even greater use of force than might be in the same circumstances required for self-defense. [¶] . . . [¶] . . . [T]he burden of proof [is] upon the plaintiff to establish the use of excessive force . . . .”
 
 (Wirsing
 
 v.
 
 Krzeminski, supra,
 
 61 Wis.2d 513, 522 [213 N.W.2d 37, 41].)
 

 Equally important, a police officer must have control over the manner and means of mating an arrest or detention. The interests of the commonweal happily coincide here with sound logic. Both dictate that “[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.”
 
 (Graham
 
 v.
 
 Connor, supra,
 
 490 U.S. at pp. 396-397 [109 S.Ct. at p. 1872].) Placing the burden of proof on the plaintiff gives the police appropriate maneuvering room in which to make such judgments free from the need to justify every action in a court of law.
 

 It makes sense to “ ‘surround the police who make these on-the-spot choices in dangerous situations with a fairly wide zone of protection in close
 
 *1274
 
 cases
 
 (Martinez
 
 v.
 
 County of Los Angeles
 
 (1996) 47 Cal.App.4th 334, 344 [54 Cal.Rptr.2d 772], quoting from
 
 Roy
 
 v.
 
 Inhabitants of City of Lewiston
 
 (1st Cir. 1994) 42 F.3d 691, 695.) We share the view of the Missouri courts that “ ‘the officer in the first instance is the judge of the manner and means to be taken in making an arrest. Unless a plaintiff can show that unnecessary force was used, courts will protect the officer.’ ”
 
 {Neal
 
 v.
 
 Helbling, supra,
 
 726 S.W.2d at p. 487.)
 

 This is the rule in federal civil rights actions under 42 United States Code section 1983,
 
 [4]
 
 the federal counterpart of state battery or wrongful death actions.
 
 (Reynolds
 
 v.
 
 County of San Diego
 
 (S.D.Cal. 1994) 858 F.Supp. 1064, 1069, affd. in part and remanded in part (9th Cir. 1996) 84 F.3d 1162.) To make a prima facie case under section 1983, plaintiff must demonstrate a deprivation of a federal right by a person acting under color of state law. The rule is that plaintiff must establish, as part of his affirmative case, the unreasonableness of the force used.
 
 (Miller
 
 v.
 
 Taylor
 
 (6th Cir. 1989) 877 F.2d 469, 471-472 [“Thus, unlike the common-law tort of battery, to which self-defense is traditionally an affirmative defense with the burden of justifying the force used falling upon the defendant, Plaintiff here was required to show that Officer Taylor’s use of force was unjustified in order to state a constitutional deprivation.”
 
 (Id.
 
 at p. 472)];
 
 Edwards
 
 v.
 
 City of Philadelphia
 
 (3d Cir. 1988) 860 F.2d 568, 572-573 [“Our holding allocating the burden of demonstrating excessive force to the plaintiff in § 1983 cases does not appear inconsistent with Pennsylvania law . . . and, therefore, a different result is not warranted for Edwards’ pendent state common law claims of battery and assault.”
 
 (Id.
 
 at p. 573, fn. 4)];
 
 Wing
 
 v.
 
 Britton
 
 (8th Cir. 1984) 748 F.2d 494, 497.)
 

 The federal practice is all the more significant because plaintiffs sometimes join federal and state claims against police defendants, either in federal or state court. (See, e.g.,
 
 Edwards
 
 v.
 
 City of Philadelphia, supra,
 
 860 F.2d 568;
 
 Martinez
 
 v.
 
 County of Los Angeles, supra, 47
 
 Cal.App.4th 334.) To avoid jury confusion and to ease judicial administration, it makes sense to require plaintiff to prove unreasonable force on both claims. California courts in such cases have articulated the same concerns that underlie our decision today, sounding the warning that ‘“[w]e must never allow the theoretical, sanitized world of our imagination to replace the dangerous and complex world that policemen face every day. What constitutes “reasonable”
 
 *1275
 
 action may seem quite different to someone facing a possible assailant than to someone analyzing the question at leisure.’ ’’
 
 (.Martinez
 
 v.
 
 County of Los Angeles, supra,
 
 47 Cal.App.4th at p. 343.)
 

 Indeed, any other rule would invite a flood of litigation. If the law required police to defend the reasonableness of their conduct any time a plaintiff made a prima facie case by showing an offensive touching, the already heavy burdens law enforcement bears for us would become cetaceous. And we would all suffer. As the federal rule recognizes, “. . . permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.”
 
 (Anderson
 
 v.
 
 Creighton
 
 (1987) 483 U.S. 635, 638 [107 S.Ct. 3034, 3038, 97 L.Ed.2d 523] [action against FBI agent for damages for warrantless search].)
 

 The authorities relied on by the Edsons are distinguishable. Battery cases against civilians such as
 
 Boyer
 
 v.
 
 Waples
 
 (1962) 206 Cal.App.2d 725 [24 Cal.Rptr. 192] do not bring into play the police officer’s special situation.
 
 People
 
 v.
 
 James
 
 (1907) 5 Cal.App. 427 [90 P. 561], which the Edsons argue is the closest case on point, was not a battery action. Rather, it was a homicide prosecution of a police officer where the court held inapplicable the presumption that an official duty was regularly performed. The court said the defendant was not entitled to a jury instruction “ ‘that the law presumes that if the defendant was an officer and acting as such at the time of the alleged homicide that he was doing his duty.’ ”
 
 (Id.
 
 at p. 432.) Since we do not rest our decision on a presumption of proper police conduct to be overcome by the battery plaintiff,
 
 [5]
 

 James
 
 is inapplicable.
 

 III, IV
 
 *
 

 The judgment is affirmed.
 

 Crosby, Acting P. J., and Rylaarsdam, J., concurred.
 

 [1]
 

 Respondents will be referred to collectively as Smith unless otherwise indicated.
 

 [2]
 

 Penal Code section 835a provides in Ml as Mlows: “Any peace officer who has reasonable cause to believe that the person to be arrested has committed a public offense may use reasonable force to effect the arrest, to prevent escape or to overcome resistance. [¶] A peace officer who makes or attempts to make an arrest need not retreat or desist from his efforts by reason of the resistance or threatened resistance of the person being arrested; nor shall such officer be deemed an aggressor or lose his right to self-defense by the use of reasonable force to effect the arrest or to prevent escape or to overcome resistance.”
 

 [3]
 

 The Use Note following BAJI No. 7.54 states that “[defendant has the burden of proving all facts necessary to establish this defense.” We do not agree, and we observe that no authority is cited to support this assertion.
 

 [4]
 

 42 United States Code section 1983 provides in pertinent part as follows: “Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .”
 

 [5]
 

 Some courts that place the burden of proving excessive force on plaintiff rely in part on a presumption that a police officer acts properly. (See
 
 Dauffenbach
 
 v.
 
 City of Wichita, supra,
 
 233 Kan. 1028, 1033, [667 P.2d 380, 385].) We do not.
 

 *
 

 See footnote,
 
 ante,
 
 page 1269.