**Scott Lewis RENDELMAN,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America; Lewis, Lt. Defendant–Appellee.**

**No. 99–56858.**

**D.C. No. CV–96–7038–CAS (CTx).**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 2002.

Decided Feb. 5, 2002.

Before SCHROEDER, Chief Judge,
McKEOWN, Circuit Judge, and ZILLY,
District Judge.*

### MEMORANDUM**

Appellant Scott Lewis Rendelman appeals from the district court's dismissal under 28 U.S.C. § 1915A of his *Bivens* claims and from the district court's grant of summary judgment on his claims under the Federal Tort Claims Act and his common law claims. The appellant contends that the district court erred in concluding that appellant had not stated a claim for relief under the Eighth Amendment where appellant suffered only minor injuries.

---

* Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

The appellant also claims that the district court erred in concluding that no issue of material fact existed as to whether appellees had confiscated his property.

The court reviews de novo a district court's dismissal of a prisoner's complaint under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). The court reviews a grant of summary judgment de novo, and must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there is a genuine issue of material fact and whether the district court applied the appropriate substantive law. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000).

■ In the prison context, the Eighth Amendment prohibits only the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). This prohibition requires examining "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Here, appellant wrote a threatening letter to a prison guard, who responded by shoving appellant against a wall, poking him in the chest, and yelling in a threatening manner. This provoked use of minimal force falls squarely within the "good faith effort to maintain or restore discipline" that the Eighth Amendment permits in the prison context.

■ Appellant also raised a *Bivens* claim for deprivation of property. This

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

claim is foreclosed by the existence of a meaningful post-deprivation remedy for the loss. *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Such a remedy exists in the Prison Administrative Remedy Program. 28 C.F.R. §§ 542.10–542.16.

The district court granted summary judgment on appellant's deprivation of property claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680. The FTCA waives the federal government's immunity from suit for certain torts of its employees. *Fang v. United States,* 140 F.3d 1238, 1241 (9th Cir.1998) (quoting *Dalehite v. United States,* 346 U.S. 15, 17, 73 S.Ct. 956, 97 L.Ed. 1427). This waiver is subject to specific exceptions enumerated at 28 U.S.C. § 2680, including "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by . . . any . . . law enforcement officer." 28 U.S.C. § 2680(c). This exception is broad enough to include prison guards, *see United States v. Lockheed L–188 Aircraft,* 656 F.2d 390, 397 (9th Cir.1979), as well as claims arising from "negligent handling or storage of detained property." *Kosak v. United States,* 465 U.S. 848, 854, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984). The federal government has not waived its sovereign immunity from, and the federal courts do not have subject matter jurisdiction over, appellant's FTCA claims for deprivation of property.

The FTCA waives sovereign immunity for assault and battery by law enforcement officers. 28 U.S.C. § 2680(h). Under the FTCA, the law of the jurisdiction where the tort allegedly occurred governs the rights and liabilities of the parties. 28 U.S.C. § 1346(b); *Richards v. United States,* 369 U.S. 1, 11, 82 S.Ct. 585, 7 L.Ed.2d 492(1962); *Beech Aircraft Corp. v. United States,* 51 F.3d 834, 838 (9th Cir.1995). Under California law, the plain-tiff bears the burden of proving unreasonable force in a battery action against a law enforcement officer. *Edson v. City of Anaheim,* 63 Cal.App.4th 1269, 74 Cal. Rptr.2d 614, 616 (1998). Even construing all inferences in his favor, appellant has not raised a genuine issue of fact as to the reasonableness of the prison guard's conduct.

AFFIRMED.