**Martin ZAVALA, Plaintiff—Appellant,**

v.

**Bernard C. PARKS, Chief of Police, Lapd; City of Los Angeles; Eugene Lewis, Sgt., Defendants—Appellees.**

No. 03–55839.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2005.

Decided Feb. 24, 2005.

---

Christian R. Bojorquez, Los Angeles, CA, for Defendant–Appellee.

Amy Jo Field, Esq., Christian R. Bojorquez, for Defendant–Appellee.

Before: PREGERSON, CANBY, and BEEZER, Circuit Judges.

MEMORANDUM *

Appellant Martin Zavala appeals the district court's grant of judgment as a matter of law to defendants in Zavala's 42 U.S.C. § 1983 action alleging excessive force by Los Angeles Police Department (LAPD) Sergeant Eugene Lewis. Zavala also appeals the district court's dismissal of his California state law battery claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"Under the Fourth Amendment, police may [use only] such force as is objectively reasonable under the circumstances." *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir.2001) (internal quotation omitted). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (internal citation and quotations omitted). Rather, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396–97, 109 S.Ct. 1865. Whether force was reasonable may be determined as a matter of law if, after resolving all factual disputes in favor of the plaintiff, the court determines that the officer's force was reasonable under the circumstances. *Jackson*, 268 F.3d at 651 n. 1 (citing *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994)).

The crux of Zavala's complaint is that Lewis used excessive force against him when Lewis struck him once with his baton in an effort to clear Zavala and others from Pershing Square after the anonymous report of a bomb threat in the intersection. From the videotape of the incident, Lewis can be seen waving his arms to instruct the crowd to move away. While the rest of the crowd is complying with this order, Zavala is turned and facing the officers. Regardless whether Zavala failed to comply with the order to evacuate because he did not hear the command or because he was actively defying the officers, his conduct would have appeared the same to Lewis. In responding to Zavala's failure to evacuate the intersection, Lewis did not raise his baton to strike Zavala nor did he swing his baton at Zavala's body. Rather, Lewis used his baton, positioned across his chest, to push Zavala away from the officers and towards the departing crowd. Given these facts, Lewis's use of force was reasonable and does not rise to the level of a constitutional violation.[1] *See Graham*, 490 U.S. at 396, 109 S.Ct. 1865; *Jackson*, 268 F.3d at 651 n. 1.

Because his state law claim relies on the reasonableness of Lewis's use of force, Zavala's battery claim fails under the same reasoning as above. *See Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 74 Cal. Rptr.2d 614, 616 (1998). Moreover, because Zavala's Complaint does not plead any facts related to his compliance with California's Tort Claims Act, and because he failed to prove such facts at trial, the district court did not err in dismissing, without prejudice, his state law claims. *See Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir.1995); *see also* Cal. Gov't Code § 910 et seq.

Accordingly, the decision of the district court is AFFIRMED.

---

1. Because we conclude that Lewis's use of force did not violate Zavala's constitutional rights, we need not consider whether Lewis was entitled to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").