**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAVANNA VIOLET ARRUDA, a minor by her Guardian Ad Litem LIDIA SILVA ARRUDA; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTY OF LOS ANGELES, et al., <br><br> Defendants-Appellees. | No. 08-56802 <br><br> D.C. No. CV 06-555 SGL-OP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Argued and Submitted March 1, 2010
Pasadena, California

Before: GOULD and IKUTA, Circuit Judges, and GEORGE, Senior District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lloyd D. George, Senior United States District Judge for the District of Nevada, sitting by designation.

Joyce, Richard and Savanna Arruda appeal the district court's denial of their motion to amend their complaint and its grant of summary judgment in favor of the defendants. We have jurisdiction pursuant to 28 U.S.C. §1291. We affirm.[1]

To allege a 42 U.S.C. §1983 conspiracy claim, a plaintiff must allege "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of [the plaintiff's] constitutional rights." *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997). The district court correctly dismissed the §1983 conspiracy claim plaintiffs asserted in the First Amended Complaint. The plaintiffs failed to allege how the defendants conspired and failed to allege how the conspiracy led to a deprivation of the plaintiffs' rights. The proposed Second Amended Complaint, which sought only to name two additional defendants, suffered the same deficiencies. Accordingly, the district court correctly denied the plaintiffs' motion to amend.

As to the grant of summary judgment, we are mindful of the care required when reviewing the record in a deadly force case. As previously noted in an analogous Fourth Amendment case:

> Deadly force cases pose a particularly difficult problem under this
> regime because the officer defendant is often the only surviving

---

[1] The parties are familiar with the facts and procedural history, and we will not recount it.

2

eyewitness. Therefore, the judge must ensure that the officer is not taking advantage of the fact that the witness most likely to contradict his story–the person shot dead–is unable to testify. The judge must carefully examine all the evidence in the record, such as medical reports, contemporaneous statements by the officer and the available physical evidence, as well as any expert testimony proffered by the plaintiff, to determine whether the officer's story is internally consistent and consistent with other known facts. In other words, the court may not simply accept what may be a self-serving account by the police officer. It must also look at the circumstantial evidence that, if believed, would tend to discredit the police officer's story, and consider whether this evidence could convince a rational factfinder that the officer acted unreasonably.

*Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994) (internal citations omitted).

A "seizure occurs even when an unintended person or thing is the object of the detention or taking." *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989). In the context of a police shooting, the victim is seized if he or she is the object of the officer's shot; that is, if the officer intentionally targeted the victim. When a police officer mistakes a fellow officer for a suspect, and targets and shoots his fellow officer, he has seized his fellow officer. In such a circumstance, although the fellow officer was an unintended victim of the shooting, he was nevertheless the intended "object" targeted by the shooting officer. *See Jensen v. City of Oxnard*, 145 F.3d 1078, 1082-83 (9th Cir. 1998).

In contrast, a shooting victim struck by an officer's stray bullet is not seized because the victim was not the "object" the officer intended to strike. *See United*

*States v. Lockett*, 919 F.2d 585, 590 n.4 (9th Cir. 1990); *Landol-Rivera v. Cruz Cosme*, 906 F.2d 791, 795 (1st Cir. 1990) (concluding that a passenger in a suspect's vehicle struck by a bullet that the officer shot at the suspect was not seized).

In the present matter, Deputy Ryan Angulo was not the only eyewitness to the events resulting in the shooting death of Deputy Michael Arruda. The events were also witnessed by two third-party witnesses--Patricia Acevedo and Christine Spicer--as well as the two other deputies who confronted the suspect. The physical evidence of the crime scene, as well as the deposition testimony of eyewitnesses--including that of Acevedo--establishes that Deputy Arruda was outside of the motel room, on the walkway, during the gunfire. The suspect, however, remained inside the motel room with, at most, his hand and gun extending through the doorway. As concluded by the district court, none of the evidence places Deputy Arruda in a position permitting an inference that he could be mistaken for the suspect. Thus, the record precludes an inference that a fellow deputy targeted Deputy Arruda as the "object" of his shooting.

**Affirmed.**

4