NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAR 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **FRANCISCO CORTEZ,** | No. 12-56924 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01473-CAB-WMC |
| v. | |
| **UNITED STATES OF AMERICA,** | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted March 4, 2014
UCLA

Before:    **KOZINSKI,** Chief Judge, **IKUTA** and **NGUYEN,** Circuit
Judges.

Because this claim arises under the Federal Tort Claims Act, we apply state

law to Cortez's false imprisonment and assault/battery claims.  28 U.S.C.

§ 1346(b)(1).

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** Under California law, "[t]he elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." Easton v. Sutter Coast Hosp., 80 Cal. App. 4th 485, 496 (2000). The Border Patrol agents had legal authority to refer Cortez to secondary inspection without any individualized suspicion. See United States v. Martinez-Fuerte, 428 U.S. 543, 562 (1976); United States v. Preciado-Robles, 964 F.2d 882, 884 (9th Cir. 1992). The trial court credited the agents' testimony that the duration of Cortez's detention at secondary inspection was a direct result of his own obstruction and failure to cooperate with their permissible follow-up questions, and that Cortez was released once he complied with their request to produce his law enforcement credentials. Cortez has failed to show that this credibility determination was clearly erroneous. See Valenzuela v. Michel, 736 F.3d 1173, 1177 (9th Cir. 2013).

**2.** To make out a claim for assault/battery against the Border Patrol agents, Cortez must establish that they used unreasonable force to detain him. Cal. Penal Code § 835a; Edson v. City of Anaheim, 63 Cal. App. 4th. 1269, 1272–73 (1998); Judicial Council of Cal., Civ. Jury Instr. § 1305. Because we find that Cortez's detention at secondary inspection was proper, we need not address his argument

that the use of any force to effect that detention was per se unreasonable. Nor do we find the "'guided' extraction" of Cortez from his vehicle or the assumption of a "bladed stance" by a nearby officer during this process to be unreasonable under the circumstances.

**AFFIRMED.**