**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CHERIE HARDING,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; et al.,<br><br>       Defendants - Appellees. | No. 13-15156<br><br>D.C. No. 3:10-cv-4914-LB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Argued and Submitted February 11, 2015
San Francisco, California

Before: SCHROEDER and SILVERMAN, Circuit Judges, and HUCK,** Senior District Judge.

Appellant Cherie Harding appeals the district court's grant of summary

judgment on her constitutional and tort claims in favor of Appellees the City and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Paul C. Huck, Senior District Judge for the U.S. District Court for Southern Florida, sitting by designation.

County of San Francisco and Deputies Elizabeth Young, Carl Morris, and Tiffany Cook.[1]  We affirm.

We agree that no Appellee was liable to Appellant under 42 U.S.C. § 1983, because Appellant failed to prove that any Appellee violated her constitutional rights.  The tip of Appellant's little finger was severed when a door slammed on it during a routine pat-down search conducted by Deputy Young.  Appellant has identified no precedent showing that a jail guard violates a prisoner's constitutional rights, under any theory, simply by conducting a routine search.  Further, Deputy Young did not tell Appellant to place her finger in the door frame, or otherwise direct her hand there; rather, Appellant voluntarily placed her hand on the door frame.  In other words, Appellant's injury was an unfortunate accident, prompted by Appellant's own placement of her hand.  Accidents alone are not constitutional violations.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("An accident, although

----

[1] Appellant conceded a number of claims against other jail employees, and has not appealed the district court's grant of summary judgment in favor of those individuals. *See Harding v. San Francisco*, No. 3:10-cv-04914, D.E. 104 at 11 (N.D. Cal. Dec. 26, 2012).

it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain.").[2]

Appellant also failed to show that any Appellee violated her constitutional rights following the injury. After the door slammed on Appellant's finger, Deputy Young called for help, instructed Appellant to put pressure on the wound, and waited with Appellant for paramedics. Though Appellant contends that Deputy Young should have responded more expertly to Appellant's injury, this alone does not rise to the level of a constitutional violation. *See Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017–18 (9th Cir. 2010) (citation omitted) (deliberate indifference is found only where the defendant "knows of and disregards an excessive risk to inmate health or safety").

Deputy Morris, following the standard policy for safely transporting prisoners, attempted to shackle Appellant in preparation for emergency transport to the hospital, causing Appellant some momentary discomfort in the process. While

---

[2] Appellant, as a pretrial detainee, is protected by the Fourteenth Amendment. *See Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 389–90 (9th Cir. 2014). However, cases analyzing the Eighth Amendment—such as *Estelle v. Gamble*—inform our disposition of Appellant's claims. We have held that "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," and we apply the same standards to both types of claims. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citations omitted).

3

this was perhaps unsympathetic to Appellant's pain and suffering, it was not the type of "malicious and sadistic" behavior giving rise to a constitutional claim for excessive force, because Deputy Morris was simply following a sensible policy on securing inmates and was not attempting to cause Appellant pain, and because Deputy Morris quickly stopped when given permission to do so by his supervisor. *See Quackenbush v. Cnty. of Santa Barbara*, 175 F. App'x 801, 803 (9th Cir. 2006) (use of chest restraints in prisoner transport was not excessive force, because it was not "malicious and sadistic") (citation omitted).

Deputy Cook ordered Appellant to clean toilets—a task that Appellant had previously volunteered for—on Appellant's return from the hospital, where her fingertip had been surgically reattached. Deputy Cook told Appellant to clean with her uninjured hand, and told Appellant she could go to "lockup" if Appellant did not wish to clean. Appellant opted to clean with her uninjured hand, and suffered no infection or complications as a result of doing so. Again, while this behavior may have been unsympathetic, it was not unconstitutional, because Deputy Cook did not order Appellant to "perform physical labor which is beyond [her] strength, endangers [her] li[fe] or health, or causes undue pain." *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994).

4

We also agree that Appellant lacked the evidence required of a constitutional claim against San Francisco. As previously established, Appellant did not show that any San Francisco employee violated her constitutional rights, and therefore any section 1983 claim against San Francisco itself fails as well. Further, even assuming that Appellant had identified a constitutional violation, she put forward no evidence that would render San Francisco liable. While section 1983 grants a limited cause of action against a governmental entity, it does so only in circumstances where the governing body itself caused the injury by adopting an unconstitutional policy or practice. *See Chew v. Gates*, 27 F.3d 1432, 1444 (9th Cir. 1994) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). Appellant, however, identified no express policies or unwritten practices that are unconstitutional.

Finally, we agree with the district court's grant of summary judgment on Appellant's tort claims. Appellant's negligence and negligent infliction of emotional distress claims against Deputy Young fail because Deputy Young had no duty to protect Appellant from the harm she suffered, and because Appellant caused her own injury. While a jail guard does have a duty to protect inmates, that duty extends only to reasonably foreseeable harm. *Giraldo v. Cal. Dep't of Corrs. & Rehab.*, 168 Cal. App. 4th 231, 245 (2008). Here, the record is undisputed that

5

Deputy Young had no notice that the door that slammed on Appellant's finger was broken or otherwise posed a dangerous condition, therefore, Deputy Young had no duty to ensure that Appellant did not place her own finger in the door frame. In fact, it was Appellant's own conduct that caused the injury, as Appellant testified that she knew the door posed a danger, but nevertheless placed her finger in the frame. *See Beninati v. Black Rock City, LLC*, 175 Cal. App. 4th 650, 658 (2009) (defendant not liable for negligence because it had no duty to protect the plaintiff from an obvious risk that the plaintiff knowingly assumed).[3]

Appellant's intentional infliction of emotional distress (IIED) claims fail as well. Appellant did not show that Deputies Young or Morris engaged in the kind of outrageous or extreme conduct required of a California-law IIED claim. *See, e.g., Myung Chang v. Lederman*, 172 Cal. App. 4th 67, 86–87 (2009). At most, Appellant showed that Deputy Morris was insensitive, but this is insufficient for an IIED claim. *See, e.g., Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009) ("Liability for intentional infliction of emotional distress 'does not extend to mere insults,

---

[3] The district court also granted summary judgment on Appellant's claim that Deputies Morris and Cook were negligent for, respectively, prying her hands apart to shackle her and forcing her to clean toilets. Appellant here argues only that Appellees, in urging that the district court be affirmed, rely on "facts which are in dispute." *See* Reply at 30. Appellant, however, does not identify what facts are in dispute, nor does she explain how this purported factual dispute supports her negligence claims against Deputies Morris and Cook.

indignities, threats, annoyances, petty oppressions, or other trivialities.'") (citing Rest. 2d Torts § 46, com. d). Regardless of whether a jury could find that Deputy Cook's conduct was extreme and outrageous under the circumstances, summary judgment nevertheless was properly granted in Deputy Cook's favor because Appellant adduced no evidence that she suffered any serious emotional distress, an essential element of her claim. *See Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1004 (1993) (citations omitted).

Further, Appellant's battery claims failed because Appellant had no evidence that any Appellee acted with the intent to contact Appellant in a harmful or offensive manner. *See So v. Shin*, 212 Cal. App. 4th 652, 669 (2013). Additionally, under California law, a peace officer is privileged to use reasonable force, such as in shackling a prisoner, and therefore a California-law battery claim is a "counterpart" to a federal excessive force claim under section 1983. *See Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1273–75 (1998) (citing Cal. Pen. Code § 835a). As previously established, Appellant did not establish an excessive force

claim under section 1983 against any Appellee, and her state-law battery claims fail for the same reasons.[4]

Because Appellant did not suffer a constitutional violation or tortious conduct, the district court properly granted summary judgment to Appellees.

**AFFIRMED.**

---

[4] Appellant also appeals the district court's grant of summary judgment on her claim under the Bane Act, California Civil Code § 52.1. Appellant's argument on appeal here consists of three sentences. *See* Appellant's Br. at 38. Appellant's truncated argument fails. The Bane Act requires, among other things, a showing of (1) an interference with constitutional rights, and (2) "threats, intimidation, or coercion." *See Lopez v. Youngblood*, 609 F. Supp. 2d 1125, 1143 (E.D. Cal. 2009). Appellant satisfied neither element.