**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH ALEJANDRO ORTEGA, | No. 13-16207 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-03239-YGR |
| v. | |
| KURT RODENSPIEL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted September 15, 2015
San Francisco, California

Before: CALLAHAN, CHRISTEN, and FRIEDLAND, Circuit Judges.

Plaintiff Joseph Alejandro Ortega appeals the district court's order granting

summary judgment in favor of Defendants on Ortega's Fourth Amendment claim,

brought under 42 U.S.C. § 1983, and on several state law claims.  Ortega also

appeals the district court's denial of his motion to alter or amend the judgment

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

under Federal Rule of Civil Procedure 59(e). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's order granting summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 403 (2014). We review a district court's denial of a Rule 59(e) motion for abuse of discretion. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

An officer's use of deadly force is reasonable and consistent with the Fourth Amendment if "it is necessary to prevent . . . escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Tennessee v. Garner*, 471 U.S. 1, 3 (1985); *see also Scott v. Harris*, 550 U.S. 372, 382 (2007) (characterizing *Garner* as "an application of the Fourth Amendment's 'reasonableness' test" (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989))). Here, the district court properly accepted the jury's finding from Ortega's criminal trial for assault with a deadly weapon that Ortega "used his car in such a way that was . . . likely to cause death or great bodily injury." *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (plaintiff cannot recover on § 1983 claim if doing so necessarily implies invalidity of plaintiff's criminal conviction). Thus, Officer Rodenspiel acted reasonably when

2

he fired his weapon in response to Ortega's threat of death or serious injury. *See Smith v. City of Hemet*, 394 F.3d 689, 702 (9th Cir. 2005) (en banc) (the "most important" factor in assessing the reasonableness of the use of force is "whether the suspect poses an immediate threat to the safety of the officers or others") (quoting *Chew v. Gates*, 27 F.3d 1432, 1441 (9th Cir. 1994)).

Ortega argues that there is a genuine dispute as to whether this deadly threat had dissipated when Officer Rodenspiel fired his weapon. We disagree. There are no facts in the record from which a reasonable jury could infer a meaningful gap in time between Ortega's assault and the shooting. And in light of Ortega's potentially ongoing threat, no reasonable jury could have concluded that the risk firing the weapon created for other officers rendered the use of force unreasonable.

Because Officer Rodenspiel's use of deadly force was reasonable, the district court properly granted summary judgment to Defendants on Ortega's Fourth Amendment claim, *see Graham*, 490 U.S. at 388, and on Ortega's state law claims, *see* Cal. Civ. Code § 52.1 (Bane Act, permitting suit for constitutional violations); *Hernandez v. City of Pomona*, 207 P.3d 506, 513–14 (Cal. 2009) (negligence); *Edson v. City of Anaheim*, 74 Cal. Rptr. 2d 614, 616 (Cal. Ct. App. 1998) (battery). Finally, the district court did not abuse its discretion in denying Ortega's motion to alter or amend the judgment.

**AFFIRMED.**