**Silvia FLETES, Plaintiff-Appellant,**

**v.**

**CITY OF SAN DIEGO, DBA San Diego Police Department; et al., Defendants-Appellees.**

No. 15-56622

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2017 Pasadena, California

Filed April 19, 2017

Alvin Gomez, Gomez Law Group, Del Mar, CA, for Plaintiff-Appellant

John Riley, San Diego City Attorney's Office, San Diego, CA, for Defendants-Appellees

Before: M. SMITH and N.R. SMITH, Circuit Judges, and FEINERMAN, District Judge.*

MEMORANDUM **

Silvia Fletes sued the City of San Diego and several police officers for violations of her Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983, and several state-law violations. The district court granted summary judgment in favor of Defendants with respect to each of Fletes's

* The Honorable Gary Feinerman for the Northern District of Illinois, sitting by designation.

claims, and Fletes now appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court did not err in dismissing Fletes's Fourth Amendment claim, because Fletes was not seized. *See* U.S. Const. amend. IV. "In the context of a police shooting, [a person] is seized if ... she is the object of the officer's shot; that is, if the officer intentionally targeted the [person]." *Arruda ex rel. Arruda v. Cty. of Los Angeles*, 373 Fed.Appx. 798, 799 (9th Cir. 2010); *United States v. Lockett*, 919 F.2d 585, 590 n.4 (9th Cir. 1990). The officers unequivocally testified that the driver of the car—and not Fletes—was the intended object of their shots, and there is no evidence in the record to the contrary. Moreover, even if the officers had seized Fletes, the officers' use of force was "objectively reasonable" under the circumstances. *See Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

**2.** The district court properly granted the Defendants' motion for summary judgment on Fletes's Fourteenth Amendment claim. Fletes failed to state a viable claim under the Fourteenth Amendment, because she did not produce evidence that the officers acted with a "purpose to cause harm unrelated to the legitimate" law enforcement objective. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 836, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); *Bingue v. Prunchak*, 512 F.3d 1169, 1177 (9th Cir. 2008).

**3.** The district court properly dismissed Fletes's state law assault and battery claim, because the officers' use of force in firing shots at the driver of the car

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

was reasonable under the circumstances.[1] *See Edson v. City of Anaheim*, 63 Cal. App.4th 1269, 74 Cal.Rptr.2d 614, 615-16 (1998) (holding a "plaintiff must prove unreasonable force to make even a prima facie showing of battery").

■ 4. The district court properly dismissed Fletes's state law false imprisonment claim, because there is no evidence the officers acted with an intent to confine Fletes. *See Fermino v. Fedco, Inc.*, 7 Cal.4th 701, 30 Cal.Rptr.2d 18, 872 P.2d 559, 567 (1994) (In Banc) (stating false imprisonment requires an "intent to confine, or to create a similar intrusion").

■ 5. The district court properly dismissed Fletes's state law intentional infliction of emotional distress ("IIED") claim, because the officers' conduct was not outrageous. *See Wong v. Tai Jing*, 189 Cal. App.4th 1354, 117 Cal.Rptr.3d 747, 768 n.7 (2010) (noting that, to state a claim of IIED under California law, "a plaintiff must prove, among other things, that the defendant's alleged conduct was outrageous, which means conduct so extreme and outrageous as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community") (quotation marks, alteration, and citation omitted).

■ 6. The district court properly dismissed Fletes's California Civil Code section 52.1(b) claim, because she did not demonstrate that her state or federal constitutional rights were violated. *See* Cal. Civ. Code § 52.1(b) (stating a person whose state or constitutional rights "ha[ve] been interfered with, or attempted to be interfered with," can bring an action against the alleged perpetrator).

**AFFIRMED.**

---

1. On appeal, Fletes also alleges battery on the ground that an officer dragged her out of the car by her hair. The facts alleged in Fletes's complaint do not support this allegation. Thus, we consider only whether the district court properly dismissed the claim of battery based on the officers' shots.