NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON SHELTON,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>COUNTY OF SAN BERNARDINO; et al.,<br><br>    Defendants-Appellees. | No. 20-55036<br>    20-55724<br><br>D.C. No. 5:18-cv-02167-SP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Sheri Pym, Magistrate Judge, Presiding

Argued and Submitted June 10, 2021
Pasadena, California

Before: GRABER, CALLAHAN, and FORREST, Circuit Judges.
Partial Dissent by Judge CALLAHAN

  Plaintiff Jason Shelton appeals from the district court's orders denying his

request to amend his complaint and granting summary adjudication against his

claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse

in part, vacate in part, and remand.

  ***Amendment.*** The district court did not abuse its discretion in denying Shelton

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

leave to amend his complaint under Federal Rule of Civil Procedure 16's good-cause standard, which applies because the district court had issued a case scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Even assuming that Shelton did not learn the unknown deputies' identities until July 16, 2019, he was not diligent in seeking to amend his complaint to name these parties after learning that information. *See id.* ("If [the party seeking amendment] was not diligent, the inquiry should end."). In fact, he did not move to amend until Defendants filed their dispositive motions on October 1—seven months after the scheduling order's deadline.

*Trespass.* The district court did not misstate California law or otherwise err in granting summary judgment for the County on Shelton's trespass claim because, after the County demonstrated a lack of admissible evidence supporting Shelton's claim, Shelton failed to "provide affidavits or other sources of evidence that set forth specific facts showing that there is a genuine issue for trial." *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc) (internal quotation marks and citation omitted).

*California's Bane Act.* The district court erred in granting summary judgment against Shelton's Bane Act claim because, viewing the disputed facts in the light most favorable to Shelton, including that Detective Hamilton aimed his gun at Shelton despite knowing that Shelton was unarmed, we cannot say that such force is

objectively reasonable as a matter of law. *See Robinson v. Solano Cnty.*, 278 F.3d 1007, 1014 (9th Cir. 2002) (en banc); *see also Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1044 (9th Cir. 2018) ("[T]he elements of the excessive force claim under [the Bane Act] are the same as under § 1983." (internal quotation marks omitted)). Although Shelton did not allege in his complaint that Detective Hamilton pointed a gun at him, and the video footage of the incident nearly forecloses the possibility that this transpired at any point during the encounter, *see Scott v. Harris*, 550 U.S. 372, 380 (2007), Shelton testified that such aiming occurred and, at oral argument, the County conceded that there is a moment when Hamilton is out of frame and could have raised his gun toward Shelton.

*Assault.* As the district court concluded that Shelton's assault claim also failed because the force Hamilton used was objectively reasonable as a matter of law, we vacate the district court's grant of summary judgment on Shelton's assault claim. *See Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272 (1998).

*Costs.* Because Defendants are no longer the prevailing party, we vacate the district court's award of costs. *See* Fed. R. Civ. P. 54(d). Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED for further proceedings consistent with this memorandum disposition.**

*Shelton v. County of San Bernardino,* Nos. 20-55036, 20-55724

CALLAHAN, Circuit Judge, dissenting in part:

With respect to Shelton's excessive-force claim under California's Bane Act, the majority notes only that Detective Hamilton may have pointed a gun at Shelton, and that pointing a gun at an unarmed person can constitute excessive force. Be that as it may, even when officers use force, we must still assess whether their actions were "objectively reasonable in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Here, Shelton was visibly agitated and running toward the officers' vehicle with an object in his hand. Upon his approach, Detective Hamilton allegedly raised his gun and pointed it at Shelton for a "millisecond" before lowering it, where it remained for the rest of the encounter. Under these circumstances, and in keeping with our duty to view the situation through the eyes of a reasonable officer, "rather than with the 20/20 vision of hindsight," *id.* at 396, I would hold that Detective Hamilton's minimal use of force was reasonable as a matter of a law. I would therefore affirm in full the district court's order granting summary judgment in the County's favor.